THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARTOSZ PILIPAJC

     **Plaintiff,**

     **vs.**                                          **Case No. 8:13-CV-2415**

**ATRIA GROUP, LLC a Florida
Limited Liability Company, and
MAREK PIETRYNIAK,**

     **Defendants**

_____/

## DEFENDANTS' TRIAL STATEMENT

Defendants, ATRIA GROUP, LLC and MAREK PIETRYNIAK, by and through their undersigned counsel, pursuant to the Court's Case Management and Scheduling Order (Docket No. 18), hereby file their Trial Brief, and state as follows:

### A.  INTRODUCTION

On September 18, 2013, Plaintiff filed the instant complaint seeking damages for unpaid wages under the Fair Labor Standards Act of 1938 (FLSA), 28 U.S. C. § 201 *et seq.* in Count I of the complaint.  Also, in Count I of the complaint Plaintiff seeks recovery of unpaid wages resulting from an alleged oral contract.  Finally, in Count II of the complaint, Plaintiff seeks damages for unpaid overtime compensation.

Atria Group, LLC operated a nightclub in downtown St. Petersburg, Florida, on the nineteenth (19th) floor of the office building located at 200 Central Avenue South, St. Petersburg, Florida 33701, and a sushi restaurant on the first floor of said building.  Atria Group, LLC is

owned ninety (90%) percent by an entity controlled by Pietryniak, and ten (10%) by an entity controlled by Plaintiff.

Throughout the construction of the nightclub Plaintiff never expected any compensation as Plaintiff never requested any compensation.  Moreover, Defendants believe that the testimony of Plaintiff and Plaintiff's witnesses will demonstrate that Plaintiff never worked in excess of 40 hours in any given week.

Defendants have denied Plaintiffs claims and have alleged certain affirmative defenses, including:

a.  that Plaintiff was an exempt administrative employee under 29 C.F.R. § 541.207;

b.  that Defendant is entitled to a set-off against the claim for contractual wages for reimbursement of unauthorized expenses;

c.  that the Statute of Limitations pursuant to 29 U.S.C. § 255 bars some or all of Plaintiff's claims for overtime compensation;

d.  that the Plaintiff was paid on a salary basis pursuant to 29 C.F.R. § 541.602, as he regularly received each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.  Accordingly, Plaintiff is only entitled to half-time compensation for any purported overtime hours; and

e.  that Marek Pietryniak was not an employer.

Defendants otherwise deny the allegations of Plaintiff and would show that Plaintiff, through an entity he controlled, owned 10% of Atria Group, LLC and was an investor acting on his own behalf.

Plaintiff worked as a manager in the nightclub and the restaurant and was in charge of payroll, including paying himself weekly in cash, for which he kept no records.  Defendants would assert that Plaintiff failed to maintain proper records for payments to himself in that he made all payments to himself in cash and failed to report all of the cash payments on his Federal Income Tax Returns for the appropriate years.  Defendants would further assert that the testimony of Defendants' witnesses will establish that Plaintiff did not work 55-60 hours per week.  There was no contractual agreement, either written or oral, for the payment of any wages which are the subject of this action.  Defendants would state that Plaintiff was not fired, but voluntarily left Atria Group, LLC.

Defendant, Marek Pietryniak, was not in charge of the day-to-day operation of the nightclub and restaurant and, in fact, Plaintiff made all of those decisions.  The evidence will clearly show that Plaintiff was a manager, and Defendants are entitled to avail themselves of the administrative exemption for overtime wage payment.

## B.   WHETHER ATRIA GROUP, LLC AND MAREK PIETRYNIAK ARE EMPLOYERS?

Atria Group, LLC would assert that the requirements of FLSA are not applicable to it. Plaintiff, through an entity owned by him, was a 10% investor in Atria Group, LLC and acted with that interest in mind when he managed the business of Atria Group, LLC.  The evidence will show that Plaintiff performed virtually all daily management functions and exercised his judgment and decision making with regard to wages, hiring and firing of employees and maintaining records.

Defendant, Pietryniak, did not actively participate in the daily management functions, and his main role was to supply funding for the continued business operation of Atria Group, LLC.

§Clearly Defendant, Pietryniak, is not an employer and therefore is not personally liable under the provisions of FLSA. Atria Group, LLC does not meet the threshold requirements to be subject to the provisions of FLSA. Clearly Plaintiff cannot meet its burden to establish either of the Defendants as an employer defined in 29 U.S.C. § 203(d).

C.    **DEFENDANTS SATISFY THE REQUIREMENTS FOR EXEMPTION UNDER 29 C.F.R. § 541.207.**

Defendants claim that Plaintiff's claim for overtime is, first of all, negated by the fact that he did not work more than 40 hours per week. Secondly, Defendants would contend that Plaintiff is an exempt administrative employee under 29 C.F.R. § 541.207 to exercise discretion and independent judgment. Defendants agree that it has the burden of proof to establish this matter as a defense. Defendants would assert that this defense is available since Plaintiff did not work more than 40 hours per work week.

Defendants had no knowledge that Plaintiff was working in excess of 40 hours per work week and, in fact, in good faith believed that Plaintiff was working 40 hours or less per work week. Plaintiff, in his managerial capacity, as well as being an indirect investor, was in charge of payroll and was to insure that all records were properly maintained. Evidently records of other employees were maintained, but records of his time and payroll were not. Defendants would assert that since Plaintiff has admitted he directly paid himself in cash each week, and has admitted that he did not include any of these cash payments in his Federal Income Tax Returns, that a reasonable inference could be made that he intentionally failed to keep any records of his payroll.

**D.      PLAINTIFF IS <u>NOT</u> ENTITLED TO LIQUIDATED DAMAGES.**

An employee who was not paid minimum or overtime wages shall receive an amount equal to the unpaid overtime wages in liquidated damages.  In the instant case the evidence will show that Defendants acted in good faith and had reasonable cause to believe that its actions did not violate FLSA overtime provisions.

First of all, Defendants relied upon Plaintiff, in his managerial capacity, to insure compliance with all laws and regulations which would have included all laws relative to the payment of wages. Secondly, Defendants have never received a complaint about wages or overtime.   Thus, Defendants, in good faith, had no reason to believe they were violating FLSA.  Consequently, Plaintiff should not be entitled to liquidated damages.

**E.      APPLICABILITY OF STATUTE OF LIMITATIONS.**

Defendants would state that the Statute of Limitations pursuant to 29 U.S.C. § 255 bars some or all of Plaintiff's claims for wage or overtime compensation.  Thus, those claims prior to September 17, 2011 would be precluded by the Statute of Limitations.  The three-year statute of limitations asserted by Plaintiff is simply not applicable.  The actions of Defendants, if any, were clearly not willful and were taken in good faith.

**F.      DEFENDANTS HAVE NO UNPAID LIABILITY UNDER ANY PURPORTED CONTRACT.**

Plaintiff has alleged a contract with Defendant for the payment of wages.  However, Plaintiff has failed to allege the basic terms of any contract, oral or written.  Defendants would contend that there is no valid contract which obligates them to make any payments other than what may have already been paid.

5

Plaintiff did not request attorney's fees in the Count seeking damages for the alleged contract.  Since Plaintiff did not request that relief, Plaintiff should not now be able to request or obtain such relief.

### G.    CONCLUSION.

Defendants would assert that the claims of Plaintiff are negated by the defenses or simply not factually applicable as Plaintiff did not work more than 40 hours in any given work week and Plaintiff was the person in charge of seeing that payroll records were maintained, and the reasonable inference is that Plaintiff had his own reasons for not maintaining payroll records for himself as he failed to report all of his cash payments on his Federal Income Tax Return.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by the Florida E-Portal on this 25th day of March, 2015 to Gil Sanchez Valencia, III, Esquire, gil@sanchezvalencialaw.com.

THOMAS C. LITTLE, P.A.

*/s/  Thomas C. Little*
Thomas C. Little, Esquire
FBN: 238783 / SPN: 0045981
2123 N.E. Coachman Road, Suite A
Clearwater, FL  33765
(727) 443-5773
tomlittle@thomasclittle.com
janet@thomasclittle.com