UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARTOSZ PILIPAJC,

      Plaintiff,

v.                                                                    Case No: 8:13-cv-2415-T-35JSS

ATRIA GROUP, LLC and MAREK
PIETRYNIAK,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees and Costs ("Motion"). (Dkt. 68.) Upon consideration, the Court recommends granting Plaintiff's Motion and awarding Plaintiff attorney's fees in the amount of $49,800 and costs in the amount of $4,623 from Defendant Atria Group, LLC.

## BACKGROUND

On September 18, 2013, Plaintiff, Bartosz Pilipajc, filed a three-count complaint against Defendants, Atria Group, LLC and Marek Pietryniak (collectively, "Defendants"), seeking unpaid minimum and overtime wages, liquidated damages, unpaid contractual wages, post-judgment interest, and reasonable attorney's fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. (Dkt. 1.) Specifically, Plaintiff asserted the following claims against both Defendants: minimum wage violation under the FLSA (Count I); overtime wage violation under the FLSA (Count II); and a common law breach of contract claim for unpaid wages (Count III). (Dkt. 1.) Following a three-day jury trial in September 2015, the jury returned a verdict in favor of Plaintiff and against Defendant Atria Group, LLC as to Count I and Count II, and awarded liquidated damages. (Dkt. 62.) Judgment was entered accordingly on September 29, 2015, for

$11,609.60, representing $5,804.80 in damages for unpaid minimum wages and unpaid overtime wages and $5,804.80 in liquidated damages. (Dkt. 67.) Judgment was entered in favor of Defendant Pietryniak and against Plaintiff as to Count I and Count II. (Dkt. 67.) During the trial, the Court granted Defendants' Motion for Judgment as a Matter of Law as to Count III. (Dkt. 58.) Plaintiff now moves for an award of attorney's fees totaling $68,895 as a prevailing party under 29 U.S.C. § 216(b) and moves for costs totaling $7,433. (Dkt. 68.)

## APPLICABLE STANDARDS

Generally, a prevailing party in a FLSA action is entitled to a reasonable award of attorney's fees and costs. 29 U.S.C. § 216(b). In determining the amount of attorney's fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta Journal & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). The party applying for fees bears the burden of establishing the reasonableness of the proffered rate, which can be met by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own

expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, the court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302. As such, the court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

## ANALYSIS

Plaintiff's entitlement to attorney's fees in this case requires that the Court determine whether Plaintiff is the prevailing party, whether the hourly rate requested is reasonable, whether the number of hours expended on the litigation is reasonable, and whether the lodestar amount should be adjusted. After determining the amount of attorney's fees, the Court must determine Plaintiff's taxable costs under 28 U.S.C. § 1920.

### A.  Prevailing Party

In this case, judgment was entered in favor of Plaintiff and against Defendant Atria Group, LLC as to Plaintiff's FLSA claims. (Dkt. 67.) Thus, Plaintiff is the prevailing party and is entitled to recover his reasonable attorney's fees and costs. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) ("The FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs.").

## B.   Reasonable Hourly Rate

Plaintiff requests the following hourly rates: $300 per hour for attorney Gil Sanchez Valencia; $150 per hour for paralegal Valdis A. Silins; and $150 per hour for law clerk Monica A. Sanchez. (Dkt. 68.)  In support of these requests, Plaintiff submits the affidavit of Mr. Sanchez Valencia (Dkt. 68-2), the affidavit of Ms. Silins (Dkt 68-3), the affidavit of Ms. Sanchez (Dkt. 68-4), the declaration of Mr. Luis A. Cabassa (Dkt. 68-5), and time records (Dkt. 68-1).

First, Mr. Sanchez Valencia requests an hourly rate of $300 as the lead attorney in this case.  In his affidavit, Mr. Sanchez Valencia states that he has approximately eleven years of legal experience, five of which include the representation of clients in labor and employment cases. Plaintiff also submits the declaration of Luis A. Cabassa, a shareholder at Wenzel Fenton Cabassa, P.A. and board-certified labor and employment attorney.  (Dkt. 68-5.)  In the declaration, Mr. Cabassa attests that he is "familiar with the hourly rates charged in the Tampa Bay area by lawyers with comparable experience and reputation to that of Mr. Sanchez Valencia" and opines that an hourly rate of $300 for Mr. Sanchez Valencia and $150 for his paralegal is the market rate for lawyers and paralegals of similar qualifications and experience.

The rate requested by Mr. Sanchez Valencia reflects the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See Rosario v. AAA Sec. Prot., Inc.*, No. 8:14-CV-391-T-36AEP, 2015 WL 427533, at *3 (M.D. Fla. Feb. 2, 2015) (reducing an attorney's hourly rate from $350 per hour to $300 per hour, in part due to the minimal time and labor required to litigate the case); *McMillan v. Masrtech Grp., Inc.*, No. 8:13-CV-1520-MSS-35, 2014 WL 4297905, at *7 (M.D. Fla. Aug. 28, 2014) (finding that a rate of $350 per hour was reasonable for an attorney with eighteen years of experience); *Martinez v. Hernando Cty. Sheriff's Office*, No. 8:12-CV-666-T-27TGW, 2013 WL

6047020, at *2 (M.D. Fla. Nov. 13, 2013) (concluding that a rate of $300 per hour was reasonable for a board-certified attorney with thirty-eight years of experience in employment litigation); *Snyder v. A1 Prop. Pres., Inc.*, No. 8:12-CIV-2014-T-17, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) (reducing an attorney's hourly rate from $350 per hour to $300 per hour, noting that "[i]n recent FLSA cases where the fee award was contested, the hourly rates have been notably lower"); *Andrike v. Maple Way Cmty., Inc.*, No. 8:11-CV-1939-T-24, 2013 WL 1881135, at *3 (M.D. Fla. May 3, 2013) (finding that a rate of $325 per hour was reasonable for an attorney with twelve years of experience); *Lewis v. Fla. Default Law Grp., P.L.*, No. 8:10-cv-611-T- 30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012) (reducing the hourly rate from $400 per hour to $300 per hour for an attorney with twenty years of experience).

In this FLSA case, the record reveals that this litigation involved a joint pretrial statement, a trial brief, and relatively few discovery motions or substantive motions, as most of the motions filed consisted of motions for extensions of time and motions for continuance of the trial date. (Dkts. 12, 15, 19, 24, 25, 28, 31, 32, 34.)  Further, Mr. Sanchez Valencia has not provided any evidence that he was precluded from other employment due to his acceptance of the case or that the case itself was particularly undesirable.  In light of the prevailing market rate, the procedural posture of this case, and the nature of FLSA cases, the Court finds and recommends that a $300 hourly rate for Mr. Sanchez Valencia is reasonable under the circumstances.

Plaintiff also requests an hourly rate of $150 for paralegal Valdis Silins.  Plaintiff contends that Ms. Silins researched, drafted, edited, and filed most of the pleadings in this case.  In support of the Motion, Plaintiff submits an affidavit in which Ms. Silins states that she was a practicing attorney from 1976 to 2005 and has been employed as a paralegal for the Sanchez Valencia law firm since October 2011.  She further states that Mr. Sanchez Valencia bills her time at $150,

which is half his hourly rate and the standard hourly rate for these types of matters.  (Dkt. 68-3, 68-5.)

Upon consideration, the Court finds that an hourly rate of $150 for paralegal services is within the prevailing market rate.  *See U.S. Bank v. Prof'l Staffing-A.B.T.S., Inc.*, No. 8:10-CV-2445-T-24, 2011 WL 6148615, at *2 (M.D. Fla. Dec. 9, 2011) (finding an hourly rate of $150 to be reasonable for a paralegal with twenty-two years of experience); *Patterson v. Acad. Fire Prot., Inc.*, No. 3:13-CV-87-J-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding an hourly rate of $100 for a paralegal in a FLSA case to be reasonable); *Rastellini v. Charles*, No. 6:08–cv–255–Orl–28GJK, 2009 WL 2579316, at *4 (M.D. Fla. Aug. 17, 2009) (finding an hourly rate of $95 for paralegal work in a FLSA case to be reasonable).  Defendants do not object to the hourly rate billed for Ms. Silins.  In light of the prevailing rate for paralegals and Ms. Silins' legal experience and role in this litigation, the Court finds that an hourly rate of $150 for Ms. Silins is reasonable in this case.

In regard to Ms. Sanchez, Plaintiff requests $150 per hour for law clerk services, including trial preparation and research.  In her affidavit, Ms. Sanchez states that she is in her final semester of law school and has been a law clerk for the Sanchez Valencia law firm since fall 2012.  (Dkt. 68-4.)  The Court finds that the requested rate is not reasonable.  Rather, the prevailing hourly rate for a law clerk in the relevant legal community ranges from $40 to $100.  *See Grigoli v. Scott Cochrane Inc.*, No. 8:14-CV-844-T-23EAJ, 2015 WL 4529032, at *7 (M.D. Fla. July 27, 2015) (finding an hourly rate of $100 for a law clerk to be reasonable); *Fielder v. Shinseki*, No. 8:07-CV-1524-T-TBM, 2010 WL 1708621, at *3 (M.D. Fla. Apr. 26, 2010) (finding an hourly rate of $40 to be a reasonable rate for a law clerk).  In light of Ms. Sanchez's limited legal experience and role in this litigation, the Court finds that an hourly rate of $100 is reasonable under the circumstances.

### C.   Hours Reasonably Expended

Plaintiff asserts that Mr. Sanchez Valencia reasonably expended 160.90 hours on this litigation, while Ms. Silins reasonably expended 87.60 hours and Ms. Sanchez reasonably expended 49.90 hours.  Upon review of the time records, none of the charges appears excessive, redundant, or otherwise unnecessary.

Based on the foregoing, the lodestar for Mr. Sanchez Valencia's fees is the reasonable hourly rate of $300 multiplied by the 160.90 hours reasonably expended, totaling $48,270.  The lodestar for Ms. Silins' fees is the reasonable hourly rate of $150 multiplied by the 87.60 hours reasonably expended, totaling $13,140.  Lastly, the lodestar for Ms. Sanchez's fees is the reasonable hourly rate of $100 multiplied by the 49.90 hours reasonably expended, totaling $4,990.  Therefore, the total lodestar amount is $66,400.

### D.   Adjustments to Lodestar

In this case, from the parties' Joint Pretrial Statement, Plaintiff sought $60,795.80 in damages and received a judgment of $11,609.60.  (Dkt. 31, 67.)  Judgment was entered in favor of Plaintiff and against Defendant Atria Group, LLC as to Count I, Count II, and liquidated damages.  (Dkt. 67.)  However, judgment was entered in favor of Defendant Pietryniak and against Plaintiff as to Count I and Count II.  (Dkt. 67.)  During the second day of trial, the Court granted Defendants' Motion for Judgment as a Matter of Law as to Count III.  (Dkt. 58.)  Therefore, Plaintiff's overall success was limited, as Plaintiff prevailed on two of three claims and against one of two defendants, and he received a fraction of the damages sought.

Although some of the facts of the case were central to all claims, the common law contract claim in Count III alleged a separate set of facts and required proof of different elements from Counts I and II.  A breach of contract claim requires that the plaintiff establish the existence of a

contract, the plaintiff's performance of all its obligations under the contract, the defendant's failure to perform under the contract, and damages to the plaintiff caused by the defendant's failure to perform under the contract.  (Dkt. 31-4.)  In Plaintiff's Complaint, Plaintiff alleged the existence of an agreement between Plaintiff and Defendants under which Defendants agreed to employ Plaintiff to manage Defendants' businesses for an indefinite term and promised to pay Plaintiff $1,500 per week.  (Dkt. 1.)  Plaintiff alleged that Defendants breached this agreement by paying Plaintiff $1,000 per week from February 16, 2012, until April 12, 2013.  (Dkt. 1, Dkt. 31.)

In contrast, Plaintiff's claims for minimum wage violations and unpaid overtime under the FLSA involved a period of employment from 2010 to 2012 and facts related to the number of hours Plaintiff worked and the amount of wages paid to Plaintiff during that time.  (Dkt. 1, Dkt. 61.)  Further, Plaintiff's FLSA claims required findings as to Plaintiff's status as an employee of Defendants and Defendants' failure to pay Plaintiff the minimum wage and overtime wage required under the FLSA.  (Dkt. 1, Dkt. 61.)  As such, the hours expended on litigating Count III would differ from the hours expended on Counts I and II, which warrants a reduction considering the judgment entered as to Count III during trial and the other factors addressed above.

When reducing the amount of attorney's fees awarded to account for limited success, the court may attempt to identify specific hours that should be eliminated or may simply reduce the award by some proportion.  *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 436–37).  As the Court cannot identify specific hours spent on Plaintiff's unsuccessful claims, the Court recommends that the fee award be reduced by a percentage that accounts for Plaintiff's limited success.  *See Hensley*, 461 U.S. at 440 (stating that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained").

Upon consideration, the Court recommends that the lodestar be adjusted downward by twenty-five percent. *See Martinez*, 2013 WL 6047020, at \*4 (reducing the lodestar by 75% in a FLSA case where the plaintiff estimated that his damages were $236,952.87 and was awarded damages of $1,075.44); *Andrike*, 2013 WL 1881135, at \*4 (reducing the lodestar by 35% in a FLSA case where the plaintiff sought $68,544 in damages and settled for $2,500); *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at \*12 (S.D. Fla. Sept. 30, 2011) (reducing the lodestar by 70% in a FLSA case where the plaintiff sought $56,160 in damages and received a judgment of $1,208.52); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (reducing the lodestar by 50% in a FLSA case where the plaintiff initially sought recovery of more than $600,000 and was awarded damages of $3,493.62). After this adjustment, the amount of attorney's fees awarded to Plaintiff totals $49,800.

### E.   Costs

In FLSA cases, courts are limited in taxing costs to those costs enumerated in 28 U.S.C. § 1920.  According to Section 1920, only the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services.  28 U.S.C. § 1920.

Plaintiff seeks a total of $7,433 in taxable costs, which is evidenced by Plaintiff's Proposed Bill of Costs filed on October 7, 2015, and an itemized list of costs attached to Plaintiff's Motion for Attorney's Fees and Costs.  (Dkt. 68-1, 69.)  Specifically, Plaintiff's costs include costs for court filing fees, service of process, background checks on defendants and witnesses, Westlaw

research, service of five subpoenas, Computax subpoena and copies, court reporter fees and deposition transcripts, deposition translator fees, mediator fees, trial materials and copies, trial translator fees, and witness fees. (Dkt. 68-1, Dkt. 69.) Upon consideration, the Court recommends that the following costs be allowed as taxable costs: trial materials and copies ($150), service of five subpoenas ($325), service of process ($70), service of subpoena on Computax and copies charge ($289), deposition translator fees ($513), trial translator fees ($2,257), witness fees ($160), court reporter fees and deposition transcript fees ($459), and court filing fees ($400). *See* 28 U.S.C. § 1920 (enumerating taxable costs); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000) (finding that Section 1920 allows service of process costs, witness fees, and costs for depositions and photocopies necessarily obtained for use in the case).

Although Plaintiff did not use the depositions at trial, as Defendants contend as a basis for disallowing those costs, taxation of deposition costs depends on whether the deposition was necessarily obtained for use in the case and whether the deposition was related to an issue present in the case at the time the deposition was taken. *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012). Similarly, taxation of photocopy costs depends on whether the prevailing party reasonably believed that it was necessary to copy the documents at issue, irrespective of whether the information contained in the copied document was actually used. *Id.* Here, the Court finds no indication that the depositions or the photocopies listed fall outside these limitations.

Upon review of Plaintiff's Proposed Bill of Costs and time records, the Court finds that Plaintiff's itemization of costs is deficient as to two categories of costs. Specifically, Plaintiff requests $395 for service of five subpoenas. While fees for private process servers may be taxed under Section 1920(1), such costs must not exceed the fees authorized by Section 1921 and are calculated according to the schedule of fees collected by the United States Marshals Service.

*Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014).  As of October 2013, the taxable rate for process—defined to include a summons, complaint, and subpoena—served or executed personally is $65 per hour, plus travel costs and other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3) (2013).  However, Plaintiff has not documented the manner in which process was served or the costs and expenses associated with service.  (Dkt. 68-1, Dkt. 69.)  Therefore, the Court recommends that Plaintiff be entitled to recover $65 for each subpoena, totaling $325.

Plaintiff also requests $750 for witness fees, which include trial parking, meals, travel, and mileage.  While witness fees are taxable costs under Section 1920, recovery of witness fees is limited by 28 U.S.C. § 1821, which authorizes travel reimbursement for witnesses who travel by common carrier and requires that a receipt or other evidence of actual cost be furnished.  28 U.S.C. § 1821(c)(1), (3); *see Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (holding that federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920 when taxing costs).  Plaintiff's Proposed Bill of Costs includes a total attendance cost for each witness, but it does not include an itemization for subsistence or mileage and does not include a receipt or evidence of such costs.  (Dkt 69.)  Therefore, the Court recommends that Plaintiff be awarded the statutory amount of $40 per day for each day of attendance for each witness, totaling $160.  28 U.S.C. § 1821(b).

Further, the Court recommends that the following costs not be taxed: background check costs ($350), mediation fees ($300), and online legal research costs ($1,500).  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008) (denying request for mediation expenses and online research fees).  Thus, the allowable costs should be $4,623.  Accordingly, it is

**RECOMMENDED** that Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 68) be

**GRANTED** and Plaintiff awarded his reasonable attorney's fees in the amount of $49,800 and

costs in the amount of $4,623 to be taxed against Defendant Atria Group, LLC.

**IT IS SO REPORTED** in Tampa, Florida on January 19, 2016.

_____

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.

Copies furnished to:
The Honorable Mary S. Scriven
Counsel of Record